The last argument in the calendar for today is the United States v. Donziger, number 21-2486. I'd like to begin with three points about the Justice Department's amicus brief. First, its very existence puts to rest any argument that the Special Prosecutor is subject to DOJ direction and supervision. If she was, not only could the Justice Department simply have directed her as to what to file in this brief, but its distinct argument that she did not have to be supervised in the first place would be totally irrelevant. Second, and critically, the Justice Department does not dispute the District Court's conclusion that in enforcing the criminal laws of the United States, the Special Prosecutor necessarily exercises executive and not judicial power. Third, the substantive argument DOJ advances, that the Special Prosecutor is not an officer of the United States, is wrong in both its premise and its payout. Just like the Supreme Court held with respect to the Independent Counsel, and just like the D.C. Circuit held after Lucia with respect to the post-1998 Special Counsel, the Special Prosecutor is clearly an executive officer. Counsel, can I ask you on that very point, because we're focused on the Appointments Clause here. One clause that I don't think many of the briefs focus on, which may be important, is the Appointments Clause talks about officers or other officers of the United States whose appointments are not herein otherwise provided for, and which shall be established by law. And when I went back and looked, it seemed like all of these Appointments Clause cases where someone was found to be an officer, the position was established by statute. So, Judge Nardin, I think there's one very important counter-example, which is the post-1998 Special Counsel. The post-1998 Special Counsel has no express basis in statute. It's a creature of federal regulations, 28 CFR Part 600, and the D.C. Circuit had this question before it two years ago with regard to Special Counsel Mueller. And the Justice Department's position in that case, Judge Nardin, was that it was unquestioned that the Special Counsel in that case was an officer, because in that case he exercised significant authority on behalf of the United States, and because it was a continuing position. The fight, Judge Nardin, in that case was actually simply over whether he was an inferior officer or a principal officer. But I thought the Attorney General can hire special attorneys by statute. The Attorney General can hire special attorneys by statute. The Justice Department's position was not that that was the source of the… Well, maybe they're wrong. It's possible. Let's pause it for a second. Maybe they're right. Maybe they're wrong. So, you know, I don't think there's any estoppel here, because whatever the DOJ's position is, we don't have to take. But could you just engage on the merits of why that is not so? Because it seems to me that one of your key criticisms of the appointment here is that Rule 42 is not a law, and that the Appointments Clause requires that if you're an inferior officer, you have to be appointed. Congress has to abide by law, authorize it. And I presume by that you mean statute. Well, just before that, the very word law is used again, and it says that this Appointments Clause applies to officers which shall be established by law. So I'm wondering why it would be that this would even apply, because I don't think that there's a statute that authorizes judges to appoint special prosecutors. There isn't. And, of course, I mean, just to quote Arthur, that's the problem, Judge Nardini, not the solution. But to Your Honor's point, the Appointments Clause is not the sum total of the Supreme Court's separation of powers jurisprudence in this case. Well, can you just stick with the Appointments Clause for now? Maybe just for that. Sure. I mean, so I think that the problem, Judge Nardini, is the same. And this is going to be my third point, which is even if the special prosecutor is not an officer of the United States, that doesn't somehow exempt him from the supervision requirement. Before we get to this question, I'm stuck on the language of the Appointments Clause. Is it possible to say that the special prosecutor's office is established by law, perhaps in Judge Kaplan's order, but nevertheless, because it says, but the Congress made by law, best appointment of such and fewer officers in the federal law and the courts of law? So it was established by law, but the Congress didn't best by law the Appointments Clause. Is that possible? Judge Natchez, I think that's absolutely possible. And I think, actually, this goes back to why my suggestion to Judge Nardini was that— Sorry. And then aside from that, it seems like the Supreme Court hasn't really fixated on this idea that the established by law is a kind of—leads to a whole class of officers who are exempt from the Appointments Clause. Well, indeed, to the contrary, Judge Natchez, and that's why I was following my response to Judge Nardini, the Supreme Court has actually said that the principle of supervision runs from the president all the way down. And, indeed, it includes employees, Judge Nardini. I mean, in Buckley, we cite footnote 126 from Buckley, where the Supreme Court says one of the defining characteristics of an employee is that he or she is a subordinate of an officer. So, Judge Nardini, I think the point I was trying to make, perhaps narcally, is that there are separation of powers constraints that are independent of the text of the Appointments Clause that require the president to have the ability to supervise anyone who is exercising executive power. So what do you do then with Young that expressly states over and over that the power to punish a contempt is part of the judicial power, and that the power of the court to appoint a special prosecutor is inherently a part of that power? So the Supreme Court has said, and maybe, you know, maybe if we were writing on a blank slate, we would say that's crazy, but they said in Young that this whole business is part of the judicial power. And, you know, maybe you would like to make an argument, well, that's wrong. It's functionally the way you have to look at it is this looks like a prosecutor, talks like a prosecutor, must be a prosecutor, and prosecutors are part of the executive branch. But then what do we do with Young that's told us, an inferior court, no, no, this is part of the judicial power? So I think, Judge Nardini, if you'll bear with me for a moment, I think there are three different reasons why Young is not preclusive of this argument, why, indeed, we think this is not inconsistent with Young. First, as the district court noted, and Your Honors will find this in the special appendix at page 149, Young was concerned with a court's power, Judge Nardini, to initiate a prosecution. Justice Brennan's opinion refers eight different times to the initiation power. Well, of course, initiation means appointment in this context. And we think, obviously, Young supports the point that Congress could authorize courts to initiate prosecutions by appointing disinterested prosecutors. That's what Section 546B does. That's what the independent counsel statute does. Rule 42A2 drives the point home because, Judge Nardini, it's Young itself insisting. Wait, I'm saying Young stands for the proposition that Congress could authorize the courts to do this, not that courts can do this on their own? So, Judge Nardini, no, if I may, what Young stands for is the proposition that it was appropriate in the abstract for courts to have the power to initiate a contempt prosecution. But this is our second point about Young. No one in Young raised whether courts were constitutionally authorized to appoint special prosecutors. It's not in the brief. It's specifically disclaimed by both the defendants' counsel and the deputy associate general in the oral argument in Young. And third— Well, that's just because, I mean, they were treated—I mean, it is hard to—I mean, they did raise this argument, right? If you read Young, it says, Petitioners first condemned the district court lacked authority to appoint any private attorney to prosecute the contempt action against them. Lack of authority doesn't actually cause Rule 42B to provide it. Let me just finish it. So, right, so they talk about that. It's true the majority opinion doesn't talk about the Appointments Clause, but Justice Scalia, in his opinion, does talk about the Appointments Clause. And reaches the exact conclusion that we're— That's right, but he's only one justice, and he criticizes the majority for doing that. And it's in oral argument, and it is in the briefs. The solicitor general had that argument about—or the special counsel, I guess, had that argument about the Appointments Clause. I understand that they were treated for that argument, but it's not as if the Appointments Clause wasn't before the Supreme Court. So wouldn't it be very odd for the Supreme Court to have issued an opinion saying that the courts have this inherent authority to appoint a special prosecutor, and just that that whole process that they talked about violates the Appointments Clause? So if I might say two things. First, of course, Young comes before Morrison, and so the court had not actually, to that point, even articulated an Appointments Clause constraint. Justice Scalia's concurrence in Young is the first time we even see that, Judge Nash. But second, I think the key point here— But in this case, right? So the majority had the argument before it. So the key point here, Your Honor, is that even if this court believes that our Appointments Clause argument is foreclosed by Young, and we've offered reasons why we don't think it is, there's still the supervision issue, which was nowhere in Young. I'm about to say there's nothing in Young that stands for the proposition that the special prosecutor is the one person— Well, it's somewhere, right? I mean, the rationale of Young is an argument of necessity. It says if the courts didn't have the power to appoint a special prosecutor, then they would be beholden to the executive branch in order to enforce compliance with its orders. But that's— I understand Justice Scalia has an argument against that, but that suggests that they don't think that the executive branch should be supervising the activities of the special prosecutor, right? I don't believe so, Judge Nash, for two reasons. The first is, of course, one of the holdings of Young is the requirement that the Justice Department have the first opportunity to assume a criminal contempt prosecution. It would be odd for the Supreme Court, in an opinion that putatively creates this exception to executive control, to actually give the executive the first bite of the apple. But, Judge Nash, the second point, I think, is the key one, which is, I don't know how this court can read the supervision requirement the Supreme Court just reiterated in Arthrex as somehow not covering criminal contempt and only criminal contempt. And our best case for that, this is the exact argument that was made to the Supreme Court in Ex Parte Grosso, where the federal government argued that there ought to be an exception to the president's pardon power— sorry, not the federal government, where the defendant— where the respondent argued that there ought to be an exception to the president's pardon power for criminal contempt, because criminal contempts are special, because especially in that case, criminal contempt of a court, if it could be thwarted by the executive, would leave courts without the power to protect themselves. And Chief Justice Taft, right in front of unanimous courts, rejected that argument and said, no, there is no distinction. If it's a criminal offense, it implicates executive power, and the pardon power necessarily runs to it. And Judge Nash— But then, in general, the court is talking about it as if it's a judicial power. And, like, this is the precedent of the Supreme Court. I mean, I agree with you that this is in tension with some of the court's later cases, but are you suggesting, I should say, that Young is no longer good law, or that there's an argument that the Young court just didn't consider? So I think—first of all, I think this court can avoid that altogether by relying on supervision, because, again, there's literally no language in Justice Brennan's majority opinion in Young, or in that part of his opinion where he's speaking for plurality, that dispenses with any requirement of executive branch supervision. Well, what if we concluded that the special prosecutor in a criminal contempt case is supervised by the court? Well, I'll just say, Judge Nardini, that that would come as a surprise to both the special prosecutor and Judge Kaplan. Both of whom—well, Judge Kaplan didn't, but Judge— the special prosecutor specifically disclaimed in the district court that she was subject to supervision by Judge Kaplan. But, again, the subjective knowledge of one subjective— one special prosecutor or another is not going to be dispositive. Are you suggesting that—let's say we conclude it hypothetically. Let's say we conclude that the attorney general has full plenary supervisory authority over the special prosecutor, and that the special prosecutor just didn't know, but that the attorney general did. Would you be suggesting that the very— the lack of subjective awareness of somebody changes things, or are we supposed to look at these things objectively as to who, in fact, has supervisory authority? So, I mean, to be fair, the Supreme Court—I see my time is— You can continue. To be fair, Judge Nardini, the Supreme Court in our correctness didn't answer that question because there wasn't a distinction as between the different modes of supervision. I think whether it's objective or subjective, the key here is neither is present. There's no rule or statute that gives the appointing judge under Rule 42 further supervisory authority over the special prosecutor. You don't dispute that the attorney general has direction over the prosecution. We do dispute that, Judge Park. I mean, under 28 U.S.C. 516, you're disputed as a matter of fact, that there was not actually day-to-day supervision. So, I'm sorry. Yes, so, Judge Park, we believe that the right answer would have been for the Justice Department to exercise supervision, but that can't possibly be what happens here because otherwise, why is the Justice Department here as an immediate? If the attorney general were directing the special prosecutor, even by taking his hands off, it would make no sense that the Justice Department then feels the need to file a distinct brief offering— I agree with what you said earlier that it seems to come as a surprise to— it would come as a surprise to the other—to the district court and to the special prosecutor that they're beholden to the judge as opposed to the executive branch. But I'm not sure it's right that that would be inconsistent with Young. Isn't the whole reasoning of Young that the courts can't be beholden to the executive branch in enforcing compliance of its orders and that's why it has the power to appoint a special prosecutor? And doesn't that logic imply that even if the executive branch doesn't want the prosecution to go forward, the prosecution should nevertheless go forward because it's about the court's inherent authority to enforce compliance with its orders? So, I mean, Judge Nash, I think we come back again to how the pardon power stands as a pretty powerful cudgel against that understanding that the executive would still retain that back-end control. But putting that aside, there are two other points I think are critical here. The first is, if that's true, that is to say, if this was all an exercise of judicial power, then that suggests that there is a category of criminal offenses, of offenses against the laws of the United States, that somehow fall outside of Article II, which is as inconsistent, more inconsistent, with the Supreme Court's recent jurisprudence than a particular reading of Young. I'm not sure if I'm... It's consistent with the court's later principles, but it's not inconsistent with the actual holding in Young. But I don't think... I guess, Judge Nash, in this case, it's not required by Young. But if I might, there's still a fallback argument that would allow the court to avoid all of this and that we think would survive, even if Your Honors are unpersuaded by either of the constitutional claims, which is the propriety of an exercise of supervisory power in this case. And indeed, Judge Nash v. Young is, of course, centrally about the propriety of supervisory power. And so we think the supervisory power argument here is present either as an alternative to the constitutional objection or as a means of avoiding them because there are so many different respects in which the prosecution in this case went beyond the principles of restraint that mark the supervisory power. Well, I'm sorry, you're talking about us exercising our supervisory authority over the special prosecutor. You're not talking right now about the AG's supervision of... That's right, I'm sorry. I'm sorry, the court's supervisory... This court's superv... I'm sorry, this is our third argument, Judge Nardini. This court's supervisory power... And if you'll forgive me, not over the special prosecutor, but over the district court. That this court has supervisory power to impose rules of procedure that are not required by the Constitution or statute in circumstances where it is necessary to protect the integrity of judicial proceeding. And if we go down the path of reading Young capaciously to encompass a non-supervised special prosecutor with the power to exercise judicial power to try criminal contempt, that is all the more reason to impose principles of restraint on that judicial power as an exercise of this court's appellate jurisdiction to, among other things, require that the prosecution be sent to random assignment of district judges as opposed to a judge hand-picked by the judge who entered the order to show cause, that actually limits the power to try contempt offenses, some of which were remedied by civil contempt, some of which were defied to provoke appellate review. And in those contexts, even if this court either doesn't believe it can or doesn't want to reach the constitutional arguments, we think the supervisory power under Young... Can I ask you another sort of narrow question, which is you seem to concede in your briefs that you say that the court couldn't appoint this special prosecutor, but of course it could issue this order to show cause and initiate the prosecution. But that looks a lot like an executive function, too. It's like an indictment. It's like initiating a prosecution. So why is that permissible if the appointment of the special prosecutor is not permissible? So I think the... This is where I think the principle runs into the case law, which is that there is settled precedent that the Supreme Court has resisted the temptation to overrule that stands for the proposition that actors other than the executive can provide for the initiation of the prosecution. The key is that the actor is Congress, and Congress does so by passing a statute authorizing an inter-branch appointment of a prosecutor in specifically delineated circumstances, that that hasn't happened here, is, Your Honors, the problem in this case and not the solution. Just a quick question before you sit down. The standard of review for your challenge to Rule 42 is plain error, is that right? We believe it's de novo. I mean, Judge Preska certainly seemed to think the issue was properly before her. She resolved it on the merit at page 145 and footnote 509 of the special appendix. The special prosecutor never objected to that resolution on procedural forfeiture grounds. So we think it's here. You raised an argument below? I'm sorry? You raised an argument below? We did not raise it specifically, Judge Park, but Judge Preska certainly did seem to think it was fairly encompassed within our Appointments Clause claims. She reached the issue. She decided the issue. The special prosecutor did not object to her resolution of the issue. And if I might just say one last point, Judge Park, I realize the Court has already been gracious with its time. The fact that we are here at least partially talking about an amicus brief by the Justice Department, raising an issue that no one discussed below, I think really puts the, you know, would make it more than a little unfair to hold the appellant to having to have had related issues that Judge Preska actually reached and decided on there. Okay. Thank you, counsel. You deserve three minutes to revise. Thank you, Your Honor. We'll hear next from Ms. Glavin. Good morning. I'm Rita Glavin, and I represent the United States for purposes of this criminal contempt appeal and in the District Court below. The first point I want to raise is, Judge Park, what you raised, is what's the standard on review? This Appointments Clause issue was raised on May 10th, moments before opening statements were to begin at trial. The motion deadline came and passed for pretrial motions. This Appointments Clause challenge, which goes to the initiation of the prosecution, falls squarely within 12b-3. Appellant is correct. I did not object when that was raised in the morning of trial when I was ready to begin opening statements. But 12b-3 specifically provides that if you don't raise this before trial, it is deemed untimely, absent of showing of good cause. There's no requirement for me to raise it. Yes, sir. The 12b-3 regards the initiation of proceedings. There were two orders entered, I think, almost contemporaneously by Judge Kaplan. One was the order to show cause, listing the various charges of contempt, and then there was also the appointment of counsel. Are both of them part of the initiation of proceedings for purposes of 12b-3? One of them is sort of like a stand-in for the indictment, the charges. Is that the initiation of proceedings? And just to spin it out, hypothetically, let's say the U.S. attorney had jumped in at the beginning to prosecute this. They didn't decline it. And then, I don't know, six months into it, they said, you know what, we back out. And then the court had said, now we appoint a special prosecutor. The U.S. attorney has bowed out. We can't make them do it. We're going to appoint somebody. Would the appointment of the special prosecutor at that point have also constituted part of the initiation of proceedings? You see, I'm just trying to temporally... I'm wondering whether the temporal conjunction of those two events makes them part of the same or whether it doesn't matter whether they coincide, that no matter how you slice it, it's part of the initiation of proceedings. Well, I think it does, Your Honor, because of the uniqueness of Rule 42A. Because Rule 42A says... And let's just start that this is too egenerous. This is a very unique area of the law. This goes back to United States v. Hudson in 1812, the recognition of the court's inherent judicial power for contempt to enforce its orders. But what Rule 42 was meant to do by having the private attorney provision was simply put in Young's holding into the rule. I think that it goes part and parcel for initiation of proceedings. If your attorney backs out, then there is no proceeding. You can't proceed if no one's going to prosecute it. So when the proceedings started... The other thing, too, I want to raise on this is motions to be made before trial are the types of motions, and Judge Prescott goes through this in her decision, that you don't need trial to resolve, that the issues are apparent, can be resolved before trial, and could be cured before trial. And she says that in her opinion, which is why she goes to the untimeliness of the argument. There was any defect with respect to my appointment was apparent because there has to be some legal rule out there about my supervision. It's not my subjective point of view. And I do want to say to the record, at no point did we state that we were not under supervision of the Attorney General. So can I talk about that? You said that you're under supervision because of 28 U.S.C. 516, right? More than that. 28 U.S.C. 519. There's a hole as well. 28 U.S.C. 519 is entitled Supervision of Litigation. And that says, except otherwise authorized by law, but both of these statutes have the excepted otherwise authorized by law. And so I guess that's my question. So in United States versus Providence Journal, the Supreme Court talked about 516 and said, this statute, implicated but not discussed in Young, provides the Attorney General's exclusive control over specified litigation, except as otherwise provided or authorized by law. A fair reading of Young indicates that a federal court's inherent authority to punish disobedience and vindicate its authority is an accepted provision or authorization within the meaning of Section 516. So hasn't the Supreme Court already told us that that statute does not establish supervision of the Attorney General over a special prosecutor? Well, 516 is worded differently than 519, and we cite both in our brief. 516, you are correct that Providence Journal and the Supreme Court said that, because it talks about conduct of litigation reserved to the Department of Justice. That's under 28 U.S.C. 516, except as otherwise provided by law. It is fair to say that under Rule 42, it's an exception such that the court, using its inherent judicial authority that dates back hundreds of years and actually goes back to England, the ability to enforce its orders and punish contempt. Rule 42 allows the appointment of the prosecutor to conduct the litigation. Providence Journal doesn't say anything about 519, and there's a whole series of statutes under Title 28 at Chapter 37. Why would it be different? It's what? Why would it be different if it's about conducting the litigation? Because it's talking about the supervision of the litigation. 519 says, except as otherwise provided by law. But isn't that what's the key issue in Providence Journal? Because they're contrasting it with the statute that provides that the Solicitor General is in charge of litigation before the Supreme Court, and they say in that statute, there's no except as otherwise provided by law. So even though the district court can appoint a special prosecutor who's not subject to executive branch supervision because it's otherwise provided by law, you can't do that when you're litigating before the Supreme Court. That seems like that's the whole rationale of Providence Journal. What I think is the better reading, because I think you can... I think there's two ways to go here, and the point of view that I have that I expressed in the brief is that I think the better reading is that the statutory scheme in Chapter 31 of Title 28, and it's not just 516 or 519, which talks about supervision of litigation, shall be by the Attorney General. Nothing in Rule 42 says that the Attorney General can't supervise. All Rule 42... So your position is that you are subject to the supervision of the Attorney General? Yes, I actually believe that. So if the Attorney pulled you up tomorrow and said, stop prosecuting, you would stop prosecuting, is that right? Did you say the U.S. Attorney? It has to be... I would go to Maine Justice. Okay, so if the Attorney General pulls you up and says, stop prosecuting, you would stop prosecuting? No, I think you would do what you would do in the normal course of events. I would go to have a meeting at Maine Justice. I would appear before the District Court Judge, Judge Proska, and if it stopped prosecuting, it's basically asking me to move to dismiss. And typically what happens... The Justice Department has to go through, but you're saying that you would act just like an Assistant U.S. Attorney would act hearing an order from the Attorney General saying we don't want to do this anymore. If Merrick Garland called me up and directed me to dismiss the prosecution, I would bring that to the attention of Judge Proska and just the way any AUSA does and say I have been directed by the Department of Justice pursuant to this... I understand that there's a procedure, but you're saying that if the policy of the United States was they don't want Mr. Donziger prosecuted, you would abide by that policy? If they directed me to take that position in court, yes. And I would explain that to the court. Can I ask how that's even consistent with Young? So like the whole point of Young was there's some kind of inherent judicial authority to vindicate the interest in ensuring enforcement with its own orders and it shouldn't be beholden to the executive branch. But you're saying that if the executive branch in fact takes the position that somebody should not be prosecuted, then the special prosecutor will prosecute that person. I don't know how... It's a supervision. So it seems like the whole function of Rule 42 is if the United States doesn't want to prosecute someone for lack of resources, but they still like the prosecution, then you can appoint someone. It's like giving extra resources to the Department of Justice. Isn't that a weird result? I think it is a weird result, but my take on this has been... But is that right? Is that right? So you only have a special prosecutor when the United States likes the prosecution but doesn't have the resources to do the prosecution. But if the United States doesn't like the prosecution, then the special prosecutor has to abide by that and can't prosecute. Is that right? I think if you get the order from the Department of Justice to move to dismiss, and this is what happened in the Flynn case, if you get the order from Mayor Farley, it calls me out. The other thing... Isn't that weird? It is weird. You don't look behind the reasons why a prosecution is being commenced. So if the Department of Justice doesn't have resources to do the prosecution or it doesn't think that there's a case to be made or doesn't like the case as a matter of policy, courts don't usually look behind that. But you're suggesting that actually your appointment is valid if it's consistent with the policy of the United States and invalid if it's inconsistent, and we should think about that. Yes. I don't think necessarily. I mean, there's two points I want to make here. One is I do read the statute that there is supervision and that DOJ can come and intervene at any point that they want to in the prosecution. They've come in now... Just one last point. Your adversary makes a big deal about the amicus brief situation and on one hand not talking to the other. Can you speak to that? Sure. I think Morrison v. Olson actually decides this issue. There in that case, Alexia Morrison, who had been appointed independent counsel to investigate Ted Olson and whether there had been some misleading testimony to the House Judiciary Committee. Ted Olson challenged the subpoena, said you're not valid under the appointment clause of the independent counsel statute. It goes up to the Supreme Court. Morrison says, I am valid. This doesn't violate the appointment clause. DOJ comes in and takes the opposite position in an amicus brief. And what does the Supreme Court do? They found that the independent counsel was sufficiently under the supervision of the executive branch despite the fact that DOJ said that they weren't. And I might add that in both Young and I understand in Providence Journal, DOJ also submitted amicus briefs. But I want to take a step back because I do think that your point... I don't think... I think there's two ways that the circuit can go here. You can look at the statute on Chapter 31. There's 28 U.S.C. 517, which talks about the interest of the United States in pending suit. And the AG can send any DOJ officer to attend to the interest of the U.S. in a suit, which is essentially what we have going on here. There's also 28 U.S.C. 518B. Providence Journal talked about 518A, but 518B talks about the conduct and argument of cases. And that states, when the Attorney General considers it in the interest of the United States, he may personally conduct and argue any case in a court of the United States in which the U.S. has an interest. So I think there's a whole statutory scheme that suggests... Not suggests, but I think the reading of it is it is meant to make clear on separation of powers. In fact, have you received any directions from the federal government? They've never told me what to do. I'll put it that way. As you know, I've been working, and it's in the record, I've been working with DOJ, FBI agents. But isn't the question as to whether what you're doing is consistent with those statutes? So I understand that there are statutes that say the federal government is supposed to be in charge of litigation, but... They have the discretion. I don't know that you, in fact, are subject to that direction. They have the discretion. It doesn't mean that they have to exercise it. But I want to make another point because I think there's an alternative. Have they even said, you can go ahead with the prosecution, we're not going to exercise our authority? Absolutely. I don't think that... Do you have communication with the Justice Department that says... I'm sorry? Do you have communication with the Justice Department that says, we've blessed this prosecution, you can proceed at your discretion? No, I have not had that communication with the Department. You're talking about what Judge Kaplan put in his order, that he tendered this to the Department of Justice, and then they declined? Is that what you're referring to? I think I didn't hear you clearly on the last question. I have not had a communication with the Justice Department about directing me in this case or planning on whether they're supervising me in this case. Have I had communications with the Department of Justice? Absolutely. I've consulted with the SBNY Appeals Unit on a number of occasions. The FBI has worked closely with me throughout this. But I do take your point... Well, I mean that they're providing resources for the prosecution. But they are coordinating with you in the prosecution. Well, certainly within the FBI they have, I can tell you. We have agents that have been working with us day in and day out. Can I just ask you to turn... I wanted to finish... Why don't you finish that, and I'd like to come back to a different question. Because I don't disagree with you, Judge Benashia, and I know the point that you're getting at, because I do think that Young and Providence Journal also, and you look at the history of contempt in the United States, I do think historical practices when it comes to separation of powers issues, and particularly with the inherent power of judiciary, I think the argument can be made, and Young and Providence Journal stand for that, but it goes back many ages, is that the judiciary does have the inherent power not only to have the prosecution... I don't agree with your argument, so you're not disputing that you're exercising executive authority and that you're subject to supervision by the executive branch, so how is that consistent with the idea that you're vindicating some kind of inherent power of the judiciary? Because I think that in these types of cases, this is a sui generis unique area of the law. The only reason that a judge can decide and have the ability to charge someone with criminal contempt is it goes to the inherent power of the judiciary. This is a weird area... In fact, if Judge Kaplan says you should go prosecute Stephen Donziger, but Merrick Garland says don't prosecute Stephen Donziger, you don't dispute that you're going to listen to Merrick Garland as opposed to Judge Kaplan, right? My subjective personal view? Yes, and I would present that to the court. Yes. I think then we would be in another battle. But who is in charge? Who supervises the prosecution? Is it Judge Kaplan or is it Merrick Garland? When you use the word supervision, I want to be careful here because it has been used by the appellant to say it has to be active supervision. Supervision, if the appointment... Right, but in my hypothetical, he's actually calling you up and telling you something. So let's just assume there's going to be some kind of active... I would go to the court... But if Judge Kaplan says I want the prosecution to happen, and Merrick Garland says no, we don't want the prosecution to happen, you're not... I would go to the court and I would raise it, and what I think would ultimately happen in that circumstance is that Merrick Garland would invoke 517 or 518B, which is where the Attorney General can appear in any court to represent the interests of the United States. That's what I think would happen. So you wouldn't act in his direction and you would be replaced by the Attorney General? Is that what you're saying? I think I could be replaced by the Attorney General if they wanted to do it. But you do not listen to his direction. I would go before the court... If the U.S. Attorney told me to dismiss the case as an AUSA, I go before the court, and I present it to the court to dismiss the case, and the court has to sign off on that. Okay, I get that. So that's exactly... So then what you're saying, that you are supervised and subject to direction by the executive branch, you see how that seems to be in tension with what you just said a moment ago about how this is an ancient power of the judiciary to vindicate its inherent authority to enforce compliance with its own interests. It seems like the whole prosecution is at the discretion of the executive branch. I don't... And you just have this quirk that it starts with the court, but otherwise it's an executive function. I actually don't think in this particular type of case when you're talking about criminal contempt that it has to be necessarily one or the other. The whole idea of the Appointments Clause is to prevent encroachment on the separation of powers. In this particular type of a case, the criminal contempt case, the authority that I'm exercising, the sovereign authority, and I do think it's a form of executive power, is so narrow and so different from what you see with the special counsels and what you see with the independent counsels. My authority is for one particular statute, which is criminal contempt, in one particular case with the defendant in a district where that particular defendant is only there because they've already succumbed to the jurisdiction of the district court. And so I think there's actually a mix of judicial and executive supervision, but I don't think for separation of powers purposes it encroaches on executive branch function. And the reason I don't think it encroaches on executive branch... I'm sorry, you just said there's a mix of executive and judicial supervision, but it doesn't encroach on executive branch function. But how could it be if you were subject to judicial supervision exercising what you just said was an executive power of prosecution, it doesn't encroach on the executive power? Because I think there's a level... Because you're saying the executive branch has a veto over it. No, if you look at the statute, the executive branch can come in at any time and represent their interest of the United States if they think there was something awry or they disagree with it. But I am subject every day. I mean, I'm not making final decision-making power. In this particular case, I didn't bring the charges. They were brought by the district court under Rule 42. My sole job is to prosecute the case. There's not final decision-making authority because everything I do is subject to review both at the district court level and at this level. So there is always... That's true of every lawyer. I mean, that's not different. But it adds a level of... The Attorney General does or the President, if he wanted to litigate himself, would be subject to review by the court that he's... But I think it... Yeah, I think it adds a level of supervision in a very unique case where the sovereign authority I'm exercising, which is why I don't think, and I agree with the Justice Department, I think they're corrupt, which is why I don't think that I'm an officer but rather a lesser functionary. Can we go to that point? Yeah. And let me ask what I asked your opposing counsel. My question, when I read the Appointments Clause, and it talks about officers whose appointments are established by law. So my question is, what does that mean? Does that mean established by statute? And I think it may go, arguably, to the continuity prong that, for example, in Lucia v. SEC, when the Supreme Court is talking about continuity, they talk about the ALJs. Are they officers or are they police? And they say, for example, these STJs hold a continuing office established by law. So there are times when they talk about this, continuing positions established by law. That's what they're trying to remain. And in the DOJ's brief, they talk a lot about continuity and the ongoing nature, and that seems fuzzy to me. I'm not sure how... Your case has gone on for a long time. I've seen criminal contempt that lasts about an hour or two. But there are criminal contempts that can go on for ages. I mean, in Young itself, the special prosecutors, they engaged in undercover operations. They had hundreds of hours of audio tapes of undercover operations. You know, it went on and on and on. So I'm not sure that I understand the limiting principle when we're looking at, you know, continuing office as looking at the scope, the narrowness, or the breadth of it. Because it seems to me all special prosecutors are either one or the other. And I'm just wondering, what do you make of this established by law phrase? Is that a limiting principle? Is that useful or helpful in any way? What does it mean? Well, all right. If I am an officer, whether it be superior or inferior, it's saying the office has to be established by law. I think how Judge Pruska had read that in her decision below is that by law is Rules Enabling Act. That Rule 42 has the full force and effect of law and that the Supreme Court... But that is not a statute. It's not a statute. It's a rule. And the Rules Enabling Act doesn't make the rules a statute. It doesn't make a statute. So it doesn't establish by law means established by statute. Because it says Congress may by law vest the appointment. Yeah. Presumably, I had read that to mean Congress may by statute vest the appointment of such inferior officers, et cetera. Because I don't know how else Congress acts by law if not by statute. Well... Do you think by law means sort of like it did in Providence Journal and it's like except it's provided by law, you know, lowercase law, just legal principles that bind us in some way? I agree with Judge Pruska's analysis below where she talked about the Rules Enabling Act because the Supreme Court establishes the rules and then presents them to Congress. And Congress can go with it, sign off on it or not. And that Congress, you know, therefore adopts them. And so that was Judge Pruska's analysis. Do you agree with that? So your view is that established by law means sort of established legally not established by a statute. Yes. Yes. I don't think it has to be established by a statute. But the other aspect to this is in reading the DOJ's amicus brief, you know, what stuck out to me in looking at some of those cases and looking at the OLC opinion because there had been a point in time where when the Arthrax issue came up, we actually thought about, you know, what we were. And I agree. If you compare to what my point is, we don't have an office. There are many distinctions with the special counsel and the independent counsel statute. It only allows me to prosecute one case. The only reason this case has gone on for a long time, the case was brought in July 31st, 2019. We were supposed to go to trial on June 15th of 2020. But that's part of a prosecution. It can take a long time, right? Yeah, and there were... Was the independent counsel generally provided to deal with one issue? No. Well, what if you did, though? But what if you did? What if it's special counsel? You know, it was a narrow issue. And the attorney general decided, look, there's one defendant who committed one crime, and I'm going to limit the scope of the investigation to that. You can prosecute this, investigate this one person for one thing. I'm not giving you authority to get haters and abettors. If you find other crimes that they committed, that's not within your purview. And let's just say they broke the ambit quite narrowly. Yes. Are you saying that that would be not a job of an officer? No. I actually think that special counsel is still different because it provides for a salary. If you look at, you know, Bob Mueller has to publish his expenditure report, they're being paid salaries with benefits. Bob Mueller gave up his practice and, you know, became a part of the Justice Department. Does it not make you look So how are you getting paid? I get paid by the court. You get a salary that's even independent of the executive practice. Do you have less subject to supervision? I don't get paid a salary. I'm paid an hourly rate of $300 an hour. So you're like a CJA counsel. You get appointed and you get paid as you go. Whatever the rate is set by the court, I get paid $300 an hour. I'm not paid a salary. And so, and... And that's from the AO, not the EAJ. So are you analogous to CJA counsel in a defense... in terms of the appointment clause? There are times that I thought that in some ways, but not really because I'm appointed by the court for a prosecution exercising the inherent power of the court. But in terms of the continuing nature of the office, you're assigned to a one-off prosecution of one person in one case with a limited purpose. Presumably the defense counsel in a CJA is appointed to represent to defend someone on the other side. Obviously they have... You know, I don't think we think about them as exercising sovereign authority, but at least in terms of the continuing prong. Yes. Are they, at least for that prong, are they analogous to you? Again, putting aside sovereign authority. Yeah, in some ways I get paid a little more. I think the rate is $197 an hour for CJA and I'm $300. But defense attorneys are not exercising power of the United States, right? They are not exercising power of the United States. Right. I'm only asking about the first prong. Can I ask another question? Yes. We talked about the relationship with the executive branch in terms of supervision, but are you removable? So let's say Merrick Garland calls up and doesn't tell you to do something else in litigation, but just says you're fired. Or the president calls up and says you're fired and we'll deal with the fallout of the court. Do you then have to pack your bags and leave and they'll send somebody to deal with the court? That's... And how would you be replaced? Before you get to the first question, I just want to know, would you be fired? I've always viewed myself as a replaceable and my fire will by the AG. It says, I'm not sure under 28 under Chapter 31 the powers of the AG is necessarily to fire me, but the power is that the AG can represent the interest of the United States. That's pretty remarkable. I mean, you just said a moment ago that you're a mere functionary, but you're saying that if the president or the attorney general called you up and said, you're fired, you would say, no, I'm going to continue to represent the United States. I didn't say that. No, I didn't say that. What I said was, I think I'm replaceable and I think what would happen is that the United States would come in and represent his interest. But it does go back to your point. I don't care about what you think might happen. I'm just asking. If they actually say you're fired, do they have the power to fire you, the president? I think they do have the power to replace me. I mean, keep changing. I don't know. What's the distinction between the replacement and the firing? Because I think there is a pending action in which the United States is a party. Okay? We know that from Providence Journal and we know that from the Young case. Both cases say that criminal contempt case is... Okay, but what's the difference? I mean, I don't know. I guess replacing sounds like a firing. They're saying you're no longer on the case. Are you saying that they'd have to plug somebody in if they fire you? That's what I think, yes. They can't leave a void? Is that what you're saying? They can't fire you and leave it empty?  it says that the Attorney General has to conduct all litigation in which the U.S. is a party. Well, what if the way he's decided to do it is he's going to drop the case and so he's going to fire you and file something saying that the whole thing's over? I think we would have an interesting constitutional question. If I was told to do that... How is this not lesser included in the Attorney General's statutory supervision of the case? Well, this seems like an easy question. I don't understand why you're hesitating. Hold on. If it's not... I could not... I hear you. The power to fire, replace, whatever word you want to use would be included in 5-16-17-18-19, would it not? I actually think under 5-19 if it says the Attorney General shall supervise all litigation, if the Attorney General is supervising the litigation, I think I'm removable. And then the question would become who replaces you when the BAG says I'm sending someone and then presumably is it your view that if the BAG says I'm not sending anyone, it's like square one where the Department of Justice has declined the prosecution and the court can appoint someone new? Is that your thinking? That's what I think under Rule 42. So we could be in an endless cycle. You could be... If the Attorney General says unlike this case where I guess they said we're not going to prosecute because we don't have the resources, but if in fact what they said was we believe that there should not be a prosecution here, if the BAG states not to prosecute this defendant, you're saying the court nevertheless appoints that person a prosecutor and that's where there's a prosecution? If you're actually subject to supervision, how could there be a prosecution if the United States says there shouldn't be? I think, well, in this case I don't think they said there shouldn't be. They said... No, I understand, but my example is where they... So in this hypothetical which you just played out, the Attorney General fired you because he doesn't want the prosecution to happen and you're saying oh, but then the court can now appoint somebody else. That seems like very odd. I think it could be an endless cycle, but yeah. But why would it be an endless cycle if in fact the special prosecutor is subject to supervision by the executive branch including removability, why doesn't he just say I'm going to fire anybody who's appointed and so no special prosecutor can do anything? Shouldn't that be the result if you actually were subject to supervision by the executive branch? But isn't that what can happen with the independent counsel and the special counsel? What? They can all be fired. No, I mean, depending on which way you're talking about because the question is whether there's removal, removal protection, so there's a question as to whether the person could be removed, but you're saying that you are removable and you are subject to direction, so why would there be a loop? I think that if the Attorney General of the United States invoked 519, okay, which says shall supervise all... Why would you invoke anything? You just said that you're a functionary in the executive branch. Isn't it just... I didn't say I'm a functionary. What I said is I execute executive power... Right, which is invested within the executive branch. So why does the President need to invoke a statute to fire you? Doesn't he get to fire executives? Why don't you finish this round of questions and then wrap up? Go ahead and answer the question. I think that Title 31   not Title 31, Chapter 31 in 28 United States Code lay out that the Attorney General has the ability to intervene, supervise, and execute all of the executive branches that supervise and represent the United States in a criminal contempt prosecution despite the fact that a private attorney has been appointed. I do see the problem that you're raising that if you have an executive branch official that says we're not doing this anymore. This is over. Where does that lead the judiciary? And I do think you point out to the flaw in my argument that if this happens then what is the meaning of 42 and what's the meaning of Young and Providence Journal because essentially then you will have allowed the executive branch to leave the judiciary in a mere advisory board and that would go back to Providence Journal and Young. So you're right Judge Manasci. Okay. Thank you. Okay. Thank you counsel. Mr. Parker. Good morning and may it please the court. My name is Robert Parker for the Department of Justice. I definitely want to discuss the appointment clause issues in this case but at the threshold there are a number of issues that I think  between the parties that could bear some further discussion. First, it is the Department of Justice's position that the better reading of Young is that a special prosecutor is not the basis for the Supreme Court's decision in Young. I know that Justice Scalia disagreed with that in his Young concurrence. No other justice joined that. Second. But you understand that that position is different from the position of the special prosecutor is advance interest advance. I don't mean to speak for the special prosecutor. I can only speak for what the Department's view is. That already is an interesting statement. Do you agree with the special prosecutor that you have supervisory authority? That was going to be my second point. The fact that a special prosecutor has the authority to prosecute a contempt is subordinate to the more traditional executive power. The Attorney General could stop this prosecution. I think the way the Attorney General would do it is different from what has been discussed to this point. I'm asking about the authority to do it. I understand there are differences in mechanics. The Attorney General could remove her by retaking control of the prosecution. The Department of Justice would appear on behalf of the United States. And what if the Department decided it was going to decline and said judge, so and so, I understand you're upset about this but we don't see this as an issue. Can the court insist that dismissal goes forward? The second question is if it's not over, does the executive have authority to stand down and say, well, you're on your own judge. There's no one here to dismiss any prosecution. The next question is could the Department simply move to dismiss rather than taking control of the case? Certainly it could. I think in that respect what would happen is the Department would accept the referral and then advise the judge to dismiss the case. I think that would be perfectly appropriate. The next question is if the Department did that, could the district court appoint a special prosecutor and say I disagree with you. I think it would be an unusual circumstance because under one would think under rule 48 the court might in that circumstance decline to authorize the dismissal of charges. Let's say it did that. It did not allow the government to dismiss charges. What are the Attorney General's options there? Or is your point they're the same options that would exist in any case whether it's a special  or a special prosecutor. I think there is what you're describing does have the potential for an interbranch conflict in the sense that the Department moves to dismiss charges. The district court says I want a special prosecutor. The Department says we're displacing the special prosecutor.  a very unconstitutional scheme. Those things do occasionally happen. But I don't think that means that the appointment of special prosecutors in whole is unconstitutional under the appointment clause. You said a moment ago you're also drawing the distinction between firing the special prosecutor.  the special prosecutor just call her up and say we want you to take this or that position? I do think that could be done. The question then becomes is the special prosecutor bound to comply? I don't know that the answer is yes or the answer is  I don't think that the appointment of the special prosecutor is an exception to that statute. I think when you look at the other statutes in chapter 31, you're not sure that you can give direction to the special prosecutor but you are confident you can replace the special prosecutor   attorney general. I think the only other point I would make is the power to remove someone is a very strong incentive to comply. If the attorney general thought it was important enough to give directions to a special prosecutor that was unwilling to follow, I think the ordinary course there would be for the department to take control. Can we define the boundaries of that? Is it that the judicial authority is to appoint and the executive power is to supervise or do they overlap? Can you give me some clarity? I think rather than saying they overlap, it's better to say they coexist. As the court explained, the usual course is that the executive branch will use the executive power to prosecute a contempt norm. It is only in the unusual case where the executive branch declines to do so that the judicial authority comes into play and allows the prosecution to proceed outside of the executive. You said a moment ago that even once appointed by the court, the special prosecutor is subject to replacement by the executive branch which provides a strong incentive to comply with the executive branch. Really, the court doesn't have an inherent authority to ensure compliance with its orders. If the executive branch doesn't agree with the prosecution and doesn't want to commit their resources to it and allows the court to appoint somebody, that's the only time this is going to be sustainable. I think this goes back to my answer to the question. I think in Yonge, the Supreme Court recognized that in the main, in the vast majority of cases, the executive will prosecute. I think it's more likely to be the circumstance where there are not resources to devote to a particular case when the executive will decline. It might be that a district court has issued contempt charges that the executive branch thinks are unwarranted and unprovable. In that circumstance, though, I think the attorney general's ability to seek the dismissal of those charges is an important check. As the Supreme Court recognized, the contempt power is liable to abuse. The executive branch is going to succeed in that if it doesn't like the prosecution on the merits. It's the question of resources. There may be other circumstances too. Resource constraints are a limit on what the Department of Justice can do. Rule 42 is an exception to that. The Justice Department can say we don't want to prosecute contempt even though we like the prosecution. So why doesn't the court pay for a special prosecutor out of its own budget? I think it's a fair observation that things get weird in this area. The Supreme Court has recognized that when you're talking about contempt it is a sui generous area. But I also don't think that it's necessary as interesting as all of these issues are. I don't think it's necessary to resolve all of them today. This case can be resolved on much simpler grounds. The particular challenge under the appointment clause is invalid because the special prosecutor is not an officer. In that respect I would like to make a couple points. The overarching distinction is between general powers and special powers. The Supreme Court has cited this as one of the decisions in this area. It was the precursor to administrative judges. It was a very powerful position. It could consider sometimes large written records and make final and binding decisions. It actually wasn't. If you look at the description of the position and there are cases cited in it, it functioned much more like an administrative judge. These were lengthy proceedings that required an extraordinary amount of testimony and information. The decisions that were made were binding often in sensitive areas of foreign trade. The merchant appraiser could not be removed by the customs collector except for Malthusian. This position was created by statute. The Supreme Court still held that it was not an officer because it was limited to a particular case and did not have general  That was the key distinction. What is the meaning of the phrase established by law? It may not be sufficient to make someone an officer but is it a necessary precondition to being an officer? And what does that mean? I do think that an office has to be established by law. What does by law mean? By statute does it mean established in a way that is legal? What does it mean by law? I don't know that I can give you a more definitive answer than many parties have only because my understanding is that the department has not taken a definitive position on that. Certainly a statute would be sufficient. I would point out with respect to the special counsel there is certainly a statutory authority for the attorney for the special counsel. I think when you look at a case like law court or you look at positions  masters, court appointees. We have infinite counsel who is also appointed for a particular case. What is the difference between the special counsel  attorney for the special counsel? There were significant differences. It is the closest analog to an actual interior officer. The independent counsel was vested with vast powers to conduct a broad range of criminal investigations involving a variety of people and potential crimes anywhere in the country. And critically, it was available to be assigned new duties, new investigations unrelated to the original one as the need arose. The assignment would happen by the attorney. How is that different from a special prosecutor who is saying, oh, I'm adding two more claims. How is that different to say that their assignment could be expanded over time by the authorizing authority? Is that true of everybody? Congress would pass a law asking merchant appraisers to appraise on a daily basis. I think it's distinguishable in this respect. So, the independent counsel could be assigned really any new investigation that the appointing authority wanted. In the case of special contempt prosecutors, although there might be new bases on which to find contempt, it would still be the same statute, the same underlying crime, and the same defendant. In Young, the special prosecutor was appointed by the court long before there was any definitive decision about contempt. They were appointed to go out and find out if there was contempt. They found multiple contempt lawyers. They found the person who was named in the injunction who was going to build this factory in Haiti. So, go out there and find who may have engaged in this. I think the petitioners were actually the aiders and not the judges. I think they went to the judge very early and said, hey, we have been alerted to the fact that  person subject to the injunction has probably been up to no good in making these fake Louis Vuitton bags. We would like to investigate. And then the judge gave his blessing. They went forth and investigated. And then when the time came to have charges, that happened. But my understanding was that they were appointed early on to investigate and prosecute. So, the functions that they performed were much more expansive. I don't know if they completely open-ended, but they weren't so narrowly defined. Here's the injunction. Figure out who was violating it. And then they found a whole bunch of people. But I think the other answer to your question, Judge Nardini, is that rule 42 as it exists today, I do not think would permit that. Rule 42 specifically provides that the district court has to issue in order to show cause and then may appoint a special prosecutor to try that. I don't think that current statute is good at the time. I think that rule 42 has constricted the court to do what the court said was okay. I think that rule 42 was amended in response to young and provided a specific procedure by which this could happen. The idea that a court may engage in the services of a special prosecutor is wrong. That is the first point. The independent counsel can amend the initial remit whereas the special prosecutor can't. It prevents the order to show cause for being very broad involving lots of charges and long term investigation and trial. But maybe there is less discretion to add additional defendants or additional charges. Is there a difference between the independent counsel and the special prosecutor? First of all, rule 42 is very narrowly circumscribed to contempt and not limited to a variety of crimes by a variety of people. It is also that completely new criminal investigations may be added to the independent counsel's plate without ever replacing the independent counsel or changing the office. If you look at, for example, Madison Guarantee, that case involved seven distinct criminal investigations, some of which had little or nothing to do with the others. And that was because the statute permitted the D.C. circuit and the attorney general to continue to assign to independent counsel star or independent counsel ray additional functions as new matters came to light. That is a very different from what we have here. I know I'm significantly over time. If the court would permit me to make one final point, which is we've already talked about why the attorney general is able to provide supervision of a special prosecutor. In that case, the special prosecutor also could replace the special prosecutor. More fundamentally, I don't think that that is a question of constitutional law. Once you find that an individual is not an officer, their supervision simply is not mentioned in the constitution. It doesn't mean it's not important. It doesn't mean it's not a matter of governance. It just means not every question has a constitutional answer. If this court holds that the special prosecutors are not officers, I think this case is at an end. If there are no further questions, we thank the court for allowing us to appear and urge it to affirm.  counsel. Mr. Vladeck, you have three minutes. Thank you very much. We obviously engaged in a lot of messy questions this morning. I think the first point is Congress has specifically provoked none of them. The questions we are hypothesizing are all based on constructions of a rule promulgated that Congress approved only by a lack of affirmative displacement. In that respect, it seems rather worth pointing out that in Morrison, the Supreme Court only upheld an interbranch appointment after looking at all the ways in which Congress has specifically weighed these constitutional considerations. Perhaps they did it wrong, but they didn't. It hasn't happened here. To that end, the Supreme Court three years ago made clear that you cannot have it be a little bit of one and a little bit of the other. The court says that the executive power is vested in the president. All of it. I'm not sure what to do with the special prosecutor suggesting that there is some weird hybrid power that is part executive and part judicial. The Justice Department has said over and over again, the appointment clause exists to preserve. On the officer's point, with regard to the independent counsel, I'm amused that the Justice Department keeps referring to the Madison guarantee and loan case. That is the exception. Of the 20 independent counsel, 12 of them produced zero indictments. 11 of them served for shorter tenures already. I didn't think the special prosecutor produced any. There were no criminal cases at all. That was the exception. The Justice Department has not disclaimed that the indeed, I think we have heard answers confirming that if the special prosecutor were terminated by whomever has the authority to fire her, which is nowhere in the statute, she would be replaced. Proving that it meets the common law definition of a continuum office. No one disputes that the special prosecutor exercises significant authority. The Justice Department has told this court that holding that the special prosecutor is still not an officer is a simpler way to resolve this case. To the contrary, we think that is a much broader way of resolving this case that would empower the courts, Congress, the executive to create all kinds of new non-offices that actually exercise enormous amounts of power. The real simpler way to resolve this case, which neither the special prosecutor nor the Justice Department had a word to say about this morning is the supervisory power argument, is to hold that whatever powers district courts still have to appoint a prosecutor to try criminal contempt, that power must be not followed here. The response you heard this morning was nothing. And so it seems like if this court thinks these questions are hard, which they are, in part because some of the jurisprudence recognizing special prosecutor contempt predates the Supreme Court's more modern formalist appointment of  special prosecutor. We don't think that those cases still bind to this court, but there's an easier way around it by focusing on supervisory power. And if I might, just really briefly, and I know my time is up, and I think that's the critical point here that the Supreme Court has expressed on that point. So we think there are serious appointment clause problems in this case. Congress has done nothing to authorize any of what's happened here. We think there are serious supervisory problems in this case that can't be solved by the Supreme Court.  there are serious appointments that can be avoided by holding that whatever the power of the district court is exceeded in this case. And the very last thing I'll suggest to the court is insofar as the court is inclined to agree with us on any of those points, we would urge the court to keep in mind that the talent is serving consensus and that even if it takes some  craft a decision, the court considers a summary ruling immediately. That concludes the argued cases for today. The remaining two cases are on the next hearing. Thank you.